IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-00051-FL

| | |
|---|---|
| **Richard Atkinson,**<br><br>            Plaintiff,<br><br>v.<br><br>**Andrew Saul,** Commissioner of Social Security,<br><br>            Defendant. | **Memorandum & Recommendation** |

This cause comes before the court upon Atkinson's motion for leave to proceed i*n forma pauperis*. D.E. 1. Because Atkinson's application contained insufficient information for the court to make a determination, the court directed him to file a particularized application. D.E. 4. Although he was afforded additional time (D.E. 5), Atkinson has neither made any filing or requested additional time to do so.

The original submission does not demonstrate that Atkinson is entitled to proceed without full prepayment of costs. The application avers that Atkinson has no income. But his monthly expenses include $400 for food, $350 for utilities, $400 for insurance, and $100 for laundry. D.E. 1 at 4. Atkinson's application provides no explanation for how he compensates the deficit between his income and expenses to pay for insurance, utilities, food, and other expenses, whether through assistance from friends, family, or otherwise.

An impoverished plaintiff does not have to prove that he or she is "absolutely destitute to enjoy the benefit of the statute." *Adkins* v. *E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved

to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster* v. *N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide for the necessities of life. *Adkins*, 335 U.S. at 339.

Based on the information contained in the application, the undersigned finds that Atkinson has not put forth sufficient evidence demonstrating that he would be denied the "necessities of life" if her application is denied. *See Moreno* v. *Comm'r of Soc. Sec.*, No. 1:19-CV-1580-SAB, 2019 WL 5825872, at *1 (E.D. Cal. Nov. 7, 2019); *Squires* v. *Merit Sys. Prot. Bd.*, No. 4:19-CV-0005-D, 2019 WL 1274931, at *1 (E.D.N.C. Jan. 14, 2019) (plaintiff not entitled to proceed in forma pauperis where his monthly income exceeded his monthly expenses by almost $3000), *adopted*, 2019 WL 1281373 (Jan. 24, 2019).

The undersigned recommends that the court deny without prejudice Atkinson's application to proceed in forma pauperis and direct him to tender the filing fee of $400.00 within 30 days. If Atkinson fails to pay the filing fee in the allotted time, the undersigned recommends that the court direct the clerk to close the matter.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the

party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: May 19, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge