IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CV-51-FL

| | | |
|---|---|---|
| RICHARD ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE 37). Defendant has responded in opposition only as to the amount and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted, subject to the limitations set forth herein.

## BACKGROUND

Plaintiff commenced this action on March 25, 2020, seeking judicial review of the denial of his application for disability benefits. On November 2, 2020, defendant filed an answer seeking affirmance of the decision complained of by plaintiff. Plaintiff filed a motion for judgment on the pleadings on December 29, 2020. Defendant filed a cross motion for judgment on the pleadings on March 17, 2021, and plaintiff responded in opposition to that motion.

Thereafter, the court referred the matter to U.S. Magistrate Judge Robert T. Numbers, II, for a memorandum and recommendation ("M&R") on the cross motions for judgment as a matter of law. On June 7, 2021, Judge Numbers entered an M&R wherein he recommended that plaintiff's

motion for judgment on the pleadings be granted, defendant' motion for judgment on the pleadings be allowed, and the case be remanded to the Commissioner for further consideration. On July 20, 2021, the court adopted the recommendation of the magistrate judge as its own and judgment entered in favor of plaintiff.

Plaintiff filed the instant motion on October 18, 2021, seeking $10,979.40 in attorney's fees, based on 52.45 hours at an average hourly rate of $209.33, as well as $421.15 in costs and expenses. Plaintiff relies upon a memorandum in support, fee contract, time records and calculations of amount sought, consumer price index table, and affidavits of counsel. Defendant responded in opposition and plaintiff replied, waiving claims to any additional time spent preparing his reply.

## COURT'S DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, defendant concedes that plaintiff was the prevailing party, that defendant's position in the underlying litigation was not substantially justified, and that plaintiff's petition is timely. Defendant also does not context the hourly rates sought by counsel, nor the amount of costs and expenses. However, defendant argues the numbers of attorney hours for which plaintiff seeks compensation is excessive and warrants reduction.

"The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,'" and "is charged with the duty to ensure that the final award is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163

2

(1990)). "The extent of a plaintiff's success is an important factor to consider when determining the reasonableness of the fees requested." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)). "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee.'" Id. (quoting Hensley, 461 U.S. at 440)). In addition, "[w]here a lawsuit consists of related claims, [and] . . . where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. Moreover, "fairness and reasonableness dictate that the SSA may only be held liable for attorneys' fees and expenses fairly attributable to the unjustified positions taken by the SSA." Hyatt, 315 F.3d at 254.

Other relevant factors include the novelty and complexity of the issues presented, and the experience and skill of the attorney. See Bunn v. Bowen, 637 F.Supp. 464, 469 (E.D.N.C.1986). In addition, the court must reduce compensable hours claimed if for paralegal tasks or clerical tasks normally performed by non-attorneys. See Hyatt, 315 F.3d at 255. "Counsel for a prevailing party has a duty to exercise billing judgment to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Daly v. Hill, 790 F.2d 1071, 1079 (4th Cir. 1986) (quoting Hensley, 461 U.S. at 434). The court now turns to application of these principles and guidelines to the fees claimed by plaintiff.

Here, a portion of the claimed hours must be excluded for unsuccessful arguments pursued by plaintiff. Plaintiff sought remand on three grounds: 1) Veterans Administration ("VA") disability rating, 2) left-hand limitations, and 3) Residual Functional Capacity ("RFC") analysis of plaintiff's ability to stay on task, perform pace work, and interaction with coworkers and public.

3

The court, however, determined that remand was required only on the basis of the first two grounds. (See M&R (DE 34) at 11-17). By contrast, the court analyzed in detail, and rejected, plaintiff's separate and unrelated argument that remand was required on the third ground, pertaining to plaintiff's RFC. (See id. at 17-22).

Therefore, the court reduces the number of hours claimed by plaintiff where attributable to the argument concerning plaintiff's RFC. In particular, plaintiff claims 1.2 hours for "research and draft RFC argument," 2.5 hours for "continue researching and drafting RFC argument," and .3 hours for "draft reply, focusing on RFC," for a total of 4 hours expressly attributable to the RFC argument. (DE 38-2 at 1-2). In addition, to estimate the amount of other time spent related to the unsuccessful RFC argument, the court identifies remaining general time entries not expressly attributable to successful arguments, with the exception of one entry for preparation of a "medical index," which the court addresses further below. Claimed hours to be reduced in this manner are as follows: 1.25, 1, 2.4, 3.6, 4.5, 3.7, 2.5, 1.9, 0.7, 0.4, 1.5, .05, 4, 2.8, .95, 2.7, .6, and .8, totaling 35.35 hours. (See DE 38-2 at 1-2).

In determining the extent of reduction, the court notes that time spent researching and drafting pertaining to the RFC issue was roughly one-third of time spent on the VA and left hand issues. (See id. (totaling four hours, compared to 10.5 hours)). Using overall time spent researching and drafting as a guide, the court estimates that a 33% reduction (or approximately 11.6 hours reduction) on these general claimed hours is warranted, as reasonably attributable to the unsuccessful argument. Cf. Barrow v. Colvin, No. 4:14-CV-137-FL, 2016 WL 632446, at *4 (E.D.N.C. Feb. 17, 2016) (imposing a 50% reduction on compensable time, where two out of four arguments were unsuccessful and unrelated to the successful argument upon which remand was

4

based).  In sum, the court reduces claimed hours by 15.6 hours to account for the unsuccessful RFC argument.

Next, the court finds that one time entry for preparation of a "medical index," in the amount of 2.6 hours, is not compensable because it is attributable to clerical work.  (See DE 38-2 at 2). While plaintiff argues that this task assisted counsel with preparation of plaintiff's brief, this does not address the issue that preparation of a "medical index" is the type of work normally performed by non-attorneys.  See Hyatt, 315 F.3d at 255.  Moreover, the court notes that, on the basis of the time records provided, despite preparation of the medical index, counsel expended yet further time to "update brief from filed transcript," and "update citations."  (DE 38-2 at 2).  Therefore, the court reduces hours claimed by an additional 2.6 hours, bringing the total reduction to 18.2 hours, leaving 34.25 hours remaining for consideration.

The court has reviewed defendant's additional arguments for reducing the fee award in this case and finds them to be unavailing under the circumstances presented.  Accordingly, the court calculates time reasonably compensable in this case to be 34.25 hours, which when multiplied by the average hourly rate of $209.33, yields a fee award of $7,169.55 under the EAJA.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA (DE 37) is GRANTED, with the amount limited to the extent set forth herein.  In particular, the court AWARDS plaintiff $7,169.55 under the EAJA, in addition to $421.15 in costs and expenses under 28 U.S.C. § 2412(a)(1).  Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt plaintiff may owe to the United States.  Defendant will determine whether plaintiff owes a debt to the United States.  If so, the debt will be satisfied first, and if any funds remain, they will be made payable to plaintiff and mailed to plaintiff's counsel.  If the United

States Department of the Treasury reports to the Commissioner that plaintiff does not owe a federal debt, defendant will exercise its discretion and honor an assignment of EAJA fees, and pay the awarded fees directly to plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

SO ORDERED this 26th day of May, 2022.

LOUISE W. FLANAGAN
United States District Judge